UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VEOLIA ES SPECIAL SERVICES, INC.,

        Plaintiff,

  v.                                              Case No. 13-C-63

PILGRIM INVESTMENTS, LLC,
SCOTT SMET AND CHAD SMET,

        Defendants.

## DECISION AND ORDER

Plaintiff Veolia ES Special Services, Inc. filed this action under the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et. seq.*, seeking to confirm an arbitration award and to enforce the award against Defendant Pilgrim Investments LLC as well as Pilgrim's two individual owners. Presently before me are the Defendants' partial motion to dismiss and a motion to modify the arbitration award. For the reasons given below, the motion to dismiss will be granted and the motion to modify will be denied.

The dispute arose over a vessel charter agreement entered into between Pilgrim and Veolia. Veolia chartered a vessel from Pilgrim for a period of 60 months, after which it would have the option to buy the vessel for $10,000. On or around the close of the 60-month charter period, Veolia contended that it had paid the $10,000 and was entitled to receive title to the vessel. Pilgrim argued that the charter agreement required payment by a certain date, and Veolia's attempt to exercise its option was tardy. The matter was submitted to arbitration, and a panel ruled in Veolia's favor and required that title be turned over to Veolia. The panel also awarded $505,000 in damages and $150,000 in attorney's fees.

Veolia asserts that the Smets, who are the sole owners of Pilgrim, have stated that Pilgrim has no funds from which to satisfy the damages and fee award. Thus, in addition to seeking confirmation of the award against Pilgrim, Veolia also seeks to establish liability on the part of the Smets, alleging fraudulent transfer, improper distribution and alter ego theories, which arise under state law. The Smets seek to dismiss the claims against them on the ground that they were not personally named in the arbitration proceedings. They also assert that the claims fail to state a claim upon which relief may be granted. In addition, the Defendants move to modify the arbitration award, citing what in their view is a mathematical or calculation error on the part of the arbitrators.

**I. Claims Against the Smets**

The only parties to the vessel charter were Veolia and Pilgrim, and the award was entered against Pilgrim. The Smets were neither a party to the charter nor the arbitration itself. As such, the Smets argue that it would be premature to entertain any claims against themselves when the award against Pilgrim has not even been confirmed yet. Citing *Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama, S.A.,* they argue that an "action to confirm the arbitrator's award cannot be employed as a substitute" for an alter ego claim. 312 F.2d 299, 301 (2d. Cir. 1963).

*Orion* held that a court should not consider alter ego liability in the same breath as a confirmation of an arbitration award. "This action [to confirm an award] is one where the judge's powers are narrowly circumscribed and best exercised with expedition. It would unduly complicate and protract the proceeding were the court to be confronted with a potentially voluminous record setting out details of the corporate relationship between a party bound by an arbitration award and

2

Case 1:13-cv-00063-WCG    Filed 07/30/13    Page 2 of 9    Document 22

its purported 'alter ego.'" *Id.* Veolia argues, however, that its confirmation claim is simply one part of its lawsuit. In *Orion*, there was a single claim to confirm an award against a non-party to the arbitration. Here, by contrast, Veolia brought its confirmation claim only against Pilgrim, the party to the arbitration, and then brought *separate* claims against the individual non-party defendants. It thus is not seeking to "confirm" the award against a non-party but to confirm the award against the proper party and then subsequently to enforce that award against the non-parties through alter ego, fraud and other theories. Even *Orion* observed that there was no bar on bringing other actions to enforce arbitration awards; it was merely deemed improper to do so in the context of an enforcement action. Veolia's method in effect saves a step and obviates the need to file a second lawsuit.

Veolia's strongest argument is that *Orion* did not exactly address the scenario we have here, where the party seeking to confirm the award has pled separate claims that have the same effect as the filing of a separate action. At least one unpublished case has recognized that distinction:

> If this were merely an action to confirm the arbitration award, its attempt to impose liability on the defendants other than Hanan would have to be dismissed under *Orion*. However, plaintiff's complaint specifies two grounds for subject matter jurisdiction: Federal Arbitration Act, Title 9 U.S.C. and 28 U.S.C. § 1333 (general admiralty and maritime jurisdiction). This action could thus be construed as a separate action to enforce the arbitration award against nonparties to the arbitration.

*Sea Eagle Maritime, Ltd. v. Hanan Int'l, Inc.,* 1985 WL 3828, *2 (S.D.N.Y. 1985).

Under this line of reasoning, I would distinguish *Orion* by finding the claims against non-parties to be, in effect, a separate lawsuit. Why require the formality of filing a separate lawsuit (which *Orion* acknowledges) when all claims can be sorted out in a single action? But while this approach has some ostensible attraction, I am not satisfied that it would meet with controlling jurisdictional principles.

3

According to the complaint, Veolia is a corporation organized under Wisconsin law with a principal place of business in Texas. Both individual Defendants are Wisconsin citizens, and thus their LLC is deemed a Wisconsin citizen as well. Because all parties are Wisconsin citizens, there is no independent basis for subject matter jurisdiction over the state law claims brought against the individual Defendants. (The court has original admiralty jurisdiction over the confirmation of the arbitration award under 28 U.S.C. § 1333.)

Recognizing the absence of an independent jurisdictional basis for the state law claims, the complaint cites the supplemental jurisdiction statute, 28 U.S.C. § 1367. That statute allows federal courts to entertain claims when jurisdiction would otherwise be lacking if the claims are "so related to the claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Part of the spirit animating *Orion* was the idea that a confirmation action is itself a simple undertaking because in the vast majority of cases the heavy lifting has (by design) been done by the arbitrators. Because state law claims alleging alter ego theories and the like are a different animal entirely, they should not bog down an otherwise simple confirmation action. *Orion* was not a jurisdiction case, but implicit in its analysis is the idea that claims to *collect* an award are different than claims to *confirm* an award. If this is true, then it is unlikely that such claims are so intertwined with the confirmation claim that they form part of the same case or controversy.

I am not satisfied that this Court would have supplemental jurisdiction over the state law claims because they involve different legal theories and facts than the more straightforward confirmation claim. It is therefore difficult to conclude that they are "so related . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The collection claims will involve the

4

application of state law to the individual Defendants' conduct of their LLC and whether they made proper distributions or fraudulent transfers. By contrast, the confirmation claim merely looks at the arbitration award under the deferential standard provided in the FAA. The claims in fact have little factual or legal nexus at all.

Even if this Court *could* hear the claims, I would decline to do so under § 1367(c)(2), which provides that district courts may decline jurisdiction when the claim "substantially predominates over the claim . . . over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). That is what would occur here under Veolia's approach. In essence, in this action the state law claims (alter ego, fraudulent transfer, and wrongful distribution) would predominate, and § 1367(c)(2) suggests that the tail of supplemental jurisdiction should not wag the dog of original jurisdiction. Moreover, once the federal claim was decided, the normal practice would be to dismiss the remaining state claims without prejudice in any event. *See* 28 U.S.C. § 1367(c)(3); *see also Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) ("Indeed, when the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations."). Thus, even if I retained jurisdiction now, it would likely be only until the federal confirmation claim was decided.

It is tempting to conclude that a single court could be a "one stop shop" both to confirm an award and to enforce it against individuals, and in some cases that might be a viable approach. But here, given that the collection claims rest on shaky jurisdictional grounds, I conclude that such claims should be brought in a separate proceeding.[1] Granting the defendants' motion for partial dismissal is therefore likely to avoid uncertainty and save time.

---

[1] I recognize that the jurisdictional grounds for my ruling are somewhat different than the *Orion* argument the Defendants make. Courts are required to independently police their own subject matter jurisdiction, however.

5

**II. Motion to Modify the Award**

In addition to their partial motion to dismiss, the Defendants move to modify the arbitration award due to what they describe as a miscalculation of figures. The FAA allows courts to modify or correct an award "where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. § 11.

Some brief background is required to understand the claim. The charter was to expire on January 31, 2011, but the arbitration panel concluded that it did *not* expire due to Veolia's continued monthly payments in February and March 2011, which payments were evidently made in error. But those continued payments effectively extended the charter and thereby also extended the period during which Veolia could have exercised its $10,000 option to buy the vessel.

The Defendants disagree with the arbitrators' conclusions but recognize that they are not open for debate here. Instead, what they dispute is the fact that the arbitrators required them to refund the February and March 2011 payments, as well as a prepayment, a security deposit and payment of insurance for 2011. Their point is that it was these very payments that extended the term of the charter and allowed Veolia to exercise its option, and thus they should not be seen as "damages" that Veolia gets to recoup because these same payments were crucial to its success. Otherwise, Defendants argue, Veolia is receiving a double recovery by receiving both the benefit of its extended payments (the ability to exercise the option) plus a refund of those same payments. It should not work both ways.

Under 9 U.S.C. § 12, a motion to modify an arbitration award must be served within three months of the award being filed or delivered. Here, the final award was delivered on November 7,

6

2012, and the motion to modify was served on March 25, 2013—roughly seven weeks too late under the statute.

The Defendants believe the motion to modify was timely because it is, in effect, a compulsory counterclaim to the filing of the confirmation action itself. This action was filed on January 17, 2013 (within the three months provided by 9 U.S.C. § 12), and in the Defendants' view the timely filing of this action tolled their limitation period for filing their motion to modify.

Even if the statute of limitations is tolled by compulsory counterclaims, the Defendants' argument is foreclosed by binding Seventh Circuit precedent. In *Int'l Union of Operating Engineers, Local No. 841 v. Murphy Co.,* the Seventh Circuit rejected a company's attempt to challenge an arbitration award outside the three-month period. 82 F.3d 185, 188 (7th Cir. 1996). The Seventh Circuit rejected the compulsory counterclaim tolling theory, concluding that "[o]nce the three-month limitation period expired, Murphy was precluded from advancing as defenses to the Union's confirmation action arguments . . . that it could have asserted in conjunction with a timely motion to vacate, modify or correct the award." In so ruling, the Seventh Circuit cited a Second Circuit case holding that Section 12 precludes "a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." *Id.* (citing *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 174–75 (2d Cir.1984)). The *Florasynth* case explains at some length why a motion to vacate is not similar to a compulsory counterclaim, and why it must be filed within three months or not at all. In short, a confirmation action is a summary proceeding that does not generate "counterclaims" in the traditional sense; confirmation is not even pursued in a great number of cases because the arbitration award may stand on its own. Given the deferential level of review, and that the purpose of arbitration is to obtain

7

swift results, a motion questioning the validity of the award must be made quickly, regardless of when (or whether) confirmation is ever sought. *Id.* at 176-77. "When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding." *Id.* at 177.

The point of *Murphy* and *Florasynth* is that any challenge to the validity of an award is not the flip-side of a motion to confirm. Whether and when a party brings an application seeking confirmation of an arbitration award has no relationship with any challenge that might be made to the award, and so it makes no sense to tie § 12's statute of limitations to the filing of a confirmation action. This is borne out by the situation in this case. Here, it is merely happenstance that Veolia sought confirmation of its award, and that it did so within the three month period that Pilgrim had to challenge the award. It could have waited another three months or longer (the statute gives it a year) or not filed any action at all. Its own conduct does not control the statute of limitations for any challenge its opponent might bring, or else it would find itself punished simply because it filed an action to confirm the award in a timely fashion. The challenge to the ruling is not an answer, or a compulsory counterclaim, but a separate undertaking altogether. The statute, and the courts, have required such a motion to be brought within three months, and here it was brought too late.

## III. Conclusion

In sum, I conclude that I do not have subject matter jurisdiction over the state law claims against the individual Defendants. The motion to dismiss (ECF No. 14) is therefore **GRANTED**, and these claims are therefore **DISMISSED** without prejudice to their being brought in state court.

8

The motion to modify the award (ECF No. 15) is **DENIED**. The motion to file a sur-reply is **DENIED**. The Clerk is directed to set this matter on the court's calendar for a status conference within the next ten days. The parties may appear by telephone.

    **SO ORDERED** this   30th   day of July, 2013.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach, Chief Judge
                                                  United States District Court